The Honorable Bob McGinnis State Representative Route 3, Box 197 Marianna, Arkansas 72360
Dear Representative McGinnis:
This is in response to your request for an opinion involving House Bill 1043 of the recent special session. You have asked whether Amendment 19 to the Arkansas Constitution requires that this bill receive 27 favorable votes in the Senate. You have also asked whether, in the event 27 votes are required, a secured party can protect his security interest in a farm product by providing "direct notice."
The answer to your first question is yes. Section 3 of Amendment 19 provides as follows:
 Sec. 3. State Expenses — Limitation — Exceptions. — Excepting monies raised or collected for education purposes, highway purposes, to pay Confederate pensions and the just debts of the State, the General Assembly is hereby prohibited from appropriating or expending more than the sum of Two and One-Half Million Dollars for all purposes, for any biennial period; provided the limit herein fixed may be exceeded by the votes of three-fourths of the members elected to each House of the General Assembly.
The exceptions set forth in Section 3 would not appear to be applicable in this instance. The appropriation clearly does not fall within the scope of "educational purposes," "highway purposes," or "Confederate pensions." Nor can it be said that there is a "just debt" since no obligation may be incurred unless there are sufficient funds on hand or estimated to become available. See Ark. Stat. Ann. 13-339(E) (Repl. 1979). The two and one-half million dollar limit may therefore only be exceeded by a three-fourths vote, or 27 votes in the Senate. It is significant to note in this regard that the rules of the General Assembly rely upon Amendment 19 in requiring a three-fourths vote on most appropriations.
In response to your second question, it should be noted that Act 16 of the Second Extraordinary Session of 1986 established the requirement that certain information be filed with the Secretary of State's office as a prerequisite to the enforcement of a security interest in farm products. See Ark. Stat. Ann. 85-9-307(4) (Inter. Supp. 1986). Section 2 of Act 16, which is codified at Ark. Stat. Ann. 85-9-407 (Inter. Supp. 1986), provides for the development of a central indexing system. Section 85-9-407 provides, in pertinent part, that "the Secretary of State (or other designee) shall develop and implement a central indexing system containing the information filed with this office pursuant to subsection (4) of Section 9-307 of this Act."
The filing requirement and the central indexing system are therefore in place. Funds were initially appropriated for the filing system under Act 108 of 1987, to be payable from cash funds generated pursuant to 85-9-407. The absence of a three-fourths vote on House Bill 1043 would not appear to impact the existence of either the filing requirement or the indexing system. Prudency, therefore, dictates that persons covered by Act 16 continue to comply with its provisions. Reliance upon "direct notice" as a sole means of protecting the security interest would not, in my opinion, be prudent under these circumstances.
The Attorney General is required under Ark. Stat. Ann. 12-702 (Repl. 1979), to provide his opinion to the General Assembly upon the constitutionality of any proposed bill. He is precluded, however, from engaging in the private practice of law. Ark. Stat. Ann. 12-701.1 (Repl. 1979). Therefore, this opinion is not provided for the benefit of private third parties and should be be [not be] relied upon nor offered for that purpose.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.